**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS E. PAZ, AKA Carlos Enrique Paz,

          Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney General,

          Respondent.

No.   14-70351

Agency No. A095-016-111

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Carlos E. Paz, a native and citizen of Guatemala, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review de novo claims of due process violations in immigration proceedings, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

The record does not compel the conclusion that Paz established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). We reject Paz's contention that the BIA failed to review the evidence. Thus, we deny the petition for review as to asylum.

Substantial evidence supports the agency's adverse credibility determination based on the discrepancy between Paz's testimony and his asylum application statement regarding the number of threats he received before leaving Guatemala, and the inconsistency regarding when the mafia started using the "electric chair." *See Shrestha*, 590 F.3d at 1048 (9th Cir. 2010) (adverse credibility determination was reasonable under the "totality of circumstances"). We reject his contention that the BIA erred by failing to consider aspects of his testimony, *see Li v. Holder*, 738 F.3d 1160, 1163-68 (9th Cir. 2013) (explaining the maxim '*falsus in uno, falsus in omnibus*' is the law in this circuit and "may properly be used to evaluate

2                                                                    14-70351

witness testimony in immigration cases"), and his contentions that the agency otherwise erred in analyzing his withholding of removal claim. We also reject his contention that the BIA violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). Thus, in the absence of credible testimony, in this case, Paz's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Paz's CAT claim also fails because it is based on the statements that the BIA found not credible, and Paz does not point to any evidence that compels the finding that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Shrestha*, 590 F.3d at 1048-49. We reject Paz's contentions that the agency failed to review the evidence adequately or applied an incorrect legal standard.

**PETITION FOR REVIEW DENIED.**